# Exhibit A

# PROMISSORY NOTE

**$400,000.00**

**December 28, 2022**
**Newtown Square, Pennsylvania**

**FOR VALUE RECEIVED,** the undersigned, **Joseph L. Fox and Christina O. Fox**, husband and wife, ("Borrower") with an address of 38 Harrison Drive, Newtown Square, PA 19073 promises to pay to the order of **Trojan Partners LP**, a Delaware limited partnership, ("Lender") with an address of 7120 East Kierland Boulevard, Unit 807, Scottsdale, AZ 85254, or at such other place as the Lender may direct, the sum of Four Hundred Thousand Dollars ($400,000.00), together with interest as follows:

1. Definitions. In this Promissory Note (hereinafter "Note"), all words and terms not defined herein shall have the respective meanings and be construed herein as provided in the in the Mortgage and Security Agreement ("Mortgage" together with the "Note" referred to as the "Loan Documents"), of even date hereof.

2. Loan Amount. This Note evidences an unsecured loan by Lender to Borrower in the amount of Four Hundred Thousand Dollars ($400,000.00) (the "Loan").

3. Term of Loan. This Loan shall be for a term of six months and two days. The Note shall mature on June 30, 2023 ("Maturity Date").

4. Interest Rate. The Loan shall bear interest at the fixed annual rate of 12.00% per annum. Interest shall be calculated on a 365/360 basis, that is, by applying the ratio of the annual interest rate over a year of 360 days multiplied by the outstanding principal balance, multiplied by the actual number of days the principal is outstanding.

5. Payments. The entire principal balance, together with accrued interest thereon, shall be due and payable (unless sooner paid) on the Maturity Date.

6. Prepayment Penalty. The Loan may be prepaid in full or in part at any time without penalty, but the full amount of the loan, plus any outstanding interest shall be paid in full

7. Late Fees. Borrower acknowledges that the failure of Borrower to make any payment of principal or interest, including the payment due at maturity, when the same is due and payable will cause Lender to incur additional expense in servicing the indebtedness evidenced by this Note and will deprive the Lender of the use of the monies due to Lender, the precise measure of which expenses and loss is not susceptible to exact determination. Accordingly, if Lender does not receive the entire amount of any payment required under this Note within five (5) days of its due date, the Borrower shall pay a late fee of $1,000.00 per diem, plus Lender's costs of collection and reasonable attorney's fees, which Borrower acknowledges is a reasonable basis on which to compensate Lender for additional expense incident to such delinquency. This shall not be construed to obligate Lender to accept any overdue installment nor to limit Lender's rights and remedies as hereinafter set forth.

8. Default. Borrower shall be in default under this Note upon the occurrence of any of the following events (each, an" Event of Default"):

   a. Borrower shall fail to make any payment when due of principal and all interest on or before the Maturity Date or within five (5) days of the due date for any costs, fees or other amounts due to Lender under the Note or under any of the other Loan Documents when due, whether at maturity or by acceleration or otherwise;

b. Any representation or warranty by Borrower under any of the other Loan Documents shall be untrue in any material respect when made or shall become untrue in any material respect during the term of the Loan and the same continues for thirty (30) days after written notice;

c. Any Event of Default shall occur under any of the other Loan Documents or under the terms of any other document evidencing or securing any other loan facilities made by Lender to the Borrower;

d. The Borrower shall apply for or consent to the appointment of a receiver, trustee or liquidator of itself or any of its property, admit in writing its inability to pay its debts as they mature, make a general assignment for the benefit of creditors, be adjudicated as bankrupt, insolvent or file a voluntary petition in Bankruptcy, or a petition or an answer seeking reorganization or an arrangement with creditors or to take advantage of any Bankruptcy reorganization, insolvency, readjustment of debt, dissolution or liquidation law or statute or an answer admitting the material allegations of a petition filed against it or him in any proceeding under any such law, or if action shall be taken by the Borrower for the purpose of effecting any of the foregoing;

e. Any order, judgement or decree shall be entered by any court of competent Jurisdiction appointing a receiver, trustee, or liquidator of the Borrower or any of its or his property, and such order, judgment or decree shall continue unstayed and in effect for any period of sixty (60) days; or

f. The death or adjudicated incompetency of a Borrower or the dissolution, liquidation, or transfer or disposition (by operation of law or otherwise) for less than adequate consideration of a substantial portion of the assets of Borrower;

g. Borrower shall have defaulted in any respect under any note, mortgage, loan agreement or collateral documents executed by Borrower under or in connection with any loan transaction involving Borrower and Lender other that the Loan which is the subject of this Agreement, whether such other loan transaction(s) or any of them have been entered into prior to the date hereof or is entered into after the date hereof.

h. Borrower incurs any additional debt before this Note is paid in full, secured or unsecured.

i. Borrower fails to satisfy or pay any existing debt or obligations when due.

j. Borrower fails to provide Lender with written notice within three (3) business days of receipt of any notice of any default or intent to foreclose from any lender.

9. Default Rate. Upon the occurrence of an Event of Default hereunder, the rate of interest shall be the lesser of (i) five percent (5.00 %) above the rate of interest otherwise applicable under this Note or (ii) the maximum amount of interest permitted by applicable law to be contracted for, charged or received (the "Default Rate").

10. Acceleration and Remedies. Upon the occurrence of an Event of Default hereunder, in addition to any other rights or remedies available to it hereunder or under any other Loan Documents or at law or in equity, and without notice, the Lender may exercise any or all of the following rights and remedies as it may deem necessary or appropriate:

a. Declare the outstanding principal balance of the Loan, together with all accrued and unpaid interest thereon at the Default Rate and all other sums due hereunder or under any of the other Loan Documents, to be immediately due and payable in full together with reasonable attorney fees for collection and payment of the same maybe enforced and recovered by the entry of judgment on this Note and the issuance of execution thereon; and/or

b. Set off all property of the Borrower now or hereafter at any time in its possession in any capacity whatsoever including by not limited to, any balance or share of any deposit, trust or agency account, as to all of which property the Borrower hereby grants the Lender a lien and security interest. Borrower hereby authorizes Lender, to the extent permissible by applicable law, to charge or setoff all sums owing on the indebtedness against any and all such accounts, and at Lender's option, to administratively freeze all such accounts to allow Lender to protect Lender's charge and setoff rights provided in this paragraph.

c. Notwithstanding the absence of existence of any default hereunder Borrower shall pay upon demand any costs, expenses, and attorney's fees incurred by Lender in connection with any bankruptcy or insolvency proceedings filed by or against Borrower whether any such costs, expenses or attorney's fees incurred in the sole discretion of Lender are related to the review, determination, protection, monitoring (including attendance at meetings or hearings) or enforcement by Lender of the indebtedness evidenced by the Note, including, without limitation, the preparation and filing of any proof of claim, and without regard to whether Lender files, responds to or is a party to any application, motion or other proceeding.

11. Waivers. The Borrower hereby waives presentment, demand, notice of nonpayment protest notice of protest, or other notice of dishonor, and any and all other notices in connection with any default under this Note, or any enforcement of payment of, the Loan. To the extent permitted by law, Borrower waives the right to any stay of execution and the benefit of all exemption laws now or hereafter in effect and agrees that such property may be sold to satisfy any judgment entered on this Note or the Security Documents, in whole or in part, and in any order as may be desired by Lender.

12. Changes. This Note can only be changed by an agreement in writing signed by the Borrower and the Lender.

13. Taxes. Borrower shall pay the cost of any revenue, tax or other stamps now or hereafter required by law at any time affixed to this Note or the Security Documents; and if any taxes shall be imposed with respect to debts secured by the Security Documents or with respect to notes evidencing debts so secured, Borrower agrees to pay or reimburse Lender upon demand the amount of such taxes, and if Borrower fails or refuses or is not legally permitted to do so, Lender may, at its option, accelerate this Note to maturity as in the case of a default by Borrower.

14. Binding on Successors and Assigns. All obligations under this Note are the joint and several unconditional obligations of the Borrower and all who succeed to its rights and interests. Release of any Borrower, or any other property or Collateral shall not release any other Borrower, Property or Collateral from its obligations under the Note. Lender may transfer, assign its rights under this Note upon notice to Borrower.

15. No Waiver by Lender. Lender shall not be deemed to have modified or waived any of its rights or remedies hereunder unless such modification or waiver is in writing and signed by Lender and then only the extent specifically set forth therein. A waiver in any one event shall not be construed as continuing or as a waiver of or bar to the exercise of that right or remedy with respect to any subsequent event or occurrence.

16. Maximum Rate of Interest on Loan. Notwithstanding anything to the contrary contained herein or in any other document executed in connection with the Loan, the effective rate of interest on the Loan shall not exceed the maximum effective rate of interest permitted by applicable law or regulation. The Borrower hereby agrees to give the Lender written notice in the event that Borrower has actual knowledge that an interest payment made to the Lender with respect to this Loan will cause the total interest payments collected in any one year to be usurious under applicable law, and the Lender hereby agrees not to knowingly collect any interest from the Borrower in the form of fees or otherwise which will render this Loan usurious. In the event that such interest would be usurious in the Lender's opinion, the Lender reserves the right to reduce the interest payable by the Borrower or refund any such interest to the Borrower.

17. Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania.

18. Action. Waiver of Jury Trial; Consent to Jurisdiction and Venue; Consent to Service of Process. Following the occurrence of any Event of Default, the Borrower shall pay upon demand all reasonable costs and expenses (including all amounts paid to attorneys, accountants, real estate brokers and other advisors employed by the Lender), incurred by the Lender in the exercise of any of its rights, remedies or powers under this Note, any of the Loan Documents with respect to such Event of Default and any amount thereof not paid promptly following demand therefor together with interest thereon at the Default Rate from the date of such demand, shall become part of the Loan. In connection with and as part of the foregoing, in the event that any of the Loan Documents is placed in the hands of an attorney for the collection of any sum payable thereunder, the Borrower agrees to pay reasonable attorneys' fees for the collection of the amount being claimed under such Loan Document, as well as all costs, disbursements and allowances provided by law.

**THE BORROWER WAIVES THE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON, OR RELATED TO, THIS NOTE OR ANY OF THE OTHER LOAN DOCUMENTS OR ANY OF THE TRANSACTIONS RELATED TO ANY OF THE LOAN DOCUMENTS. THIS WAIVER IS KNOWINGLY, INTENTIONALLY AND VOLUNTARILY MADE BY BORROWER AND BORROWER ACKNOWLEDGES THAT NEITHER LENDER NOR ANY PERSON ACTING ON BEHALF THEREOF HAS OR HAVE MADE ANY REPRESENTATIONS OF FACT TO INDUCE THIS WAIVER OF TRIAL BY JURY OR IN ANY WAY TO MODIFY OR NULLIFY ITS EFFECT. THE BORROWER FURTHER ACKNOWLEDGES THAT BORROWER HAS BEEN REPRESENTED (OR HAS HAD THE OPPORTUNITY TO BE REPRESENTED) IN THE SIGNING OF THIS NOTE AND IN THE MAKING OF THIS WAIVER BY INDEPENDENT LEGAL COUNSEL, SELECTED BY BORROWER'S OWN FREE WILL, AND THAT BORROWER HAS HAD THE OPPORTUNITY TO DISCUSS THIS WAIVER WITH COUNSEL. THE BORROWER AGREES THAT THIS IS A BUSINESS LOAN AND THAT THE OBLIGATIONS EVIDENCED BY THIS NOTE ARE EXEMPTED TRANSACTIONS UNDER THE TRUTH-IN-LENDING ACT, 15 U.S.C. SECTION 1601, ET. SEQ.**

**THE BORROWER FURTHER ACKNOWLEDGES THAT BORROWER HAS READ AND UNDERSTANDS THE MEANING OF THIS WAIVER PROVISION.**

**IN ANY LEGAL PROCEEDING INVOLVING, DIRECTLY OR INDIRECTLY, ANY MATTER ARISING OUT OF OR RELATED TO THIS NOTE OR THE RELATIONSHIP EVIDENCED HEREBY, MAKER HEREBY IRREVOCABLY SUBMITS TO THE NONEXCLUSIVE JURISICTION OF ANY STATE OR FEDERAL COURT LOCATED IN DELAWARE COUNTY OR ANY CONTIGUOUS COUNTY IN THE COMMONWEALTH OF**

**PENNSYLVANIA AND AGREES NOT TO RAISE ANY OBJECTION TO SUCH JURISDICTION OR TO THE LAYING OR MAINTAINING OF THE VENUE OF ANY SUCH PRODEEDING IN SUCH COUNTY. MAKER AGREES THAT SERVICE OF PROCESS IN ANY SUCH PROCEEDING MAY BE DULY AFFECTED UPON IT BY MAILING A COPY THEREOF, BY REGISTERED MAIL, POSTAGE PREPAID, TO MAKER.**

**BORROWER HEREBY WAIVES OBJECTIONS AS TO VENUE AND CONVENIENCE OF FORUM.**

19. **CONFESSION OF JUDGMENT. BORROWER HEREBY IRREVOCABLY AUTHORIZES AND EMPOWERS ANY ATTORNEY OR ATTORNEYS OR THE PROTHONOTARY OR CLERK OF ANY COURT OF RECORD IN THE COMMONWEALTH OF PENNSYLVANIA, OR ELSEWHERE, TO APPEAR FOR BORROWER IN ANY SUCH COURT IN ANY AND ALL APPROPRIATE ACTIONS THERE BROUGHT OR TO BE BROUGHT AGAINST BORROWER AT THE SUIT OF PAYEE ON THIS NOTE, AND THEREIN TO CONFESS JUDGMENT AGAINST BORROWER FOR ALL OR ANY PART OF THE SUMS DUE BY BORROWER HEREIN TOGETHER WITH COSTS OF SUIT AND AN ATTORNEY'S FEE FOR COLLECTION AS AFORESAID; AND FOR SO DOING, THIS NOTE OR A COPY HEREOF VERIFIED BY AFFIDAVIT SHALL BE A SUFFICIENT WARRANT. THE EXERCISE OF THIS CONFESSION OF JUDGMENT SHALL NOT BE DEEMED TO EXHAUST THE POWER, WHETHER OR NOT SUCH EXERCISE SHALL BE HELD IN ANY COURT TO BE INVALID, AVOIDABLE, OR VOID, BUT THE POWER SHALL CONTINUE UNDIMINISHED AND IT MAY BE EXERCISED FROM TIME TO TIME AND AS OFTEN AS PAYEE SHALL ELECT, UNTIL SUCH TIME AS PAYEE SHALL HAVE RECEIVED PAYMENT IN FULL OF ALL SUMS DUE HEREUNDER AND UNDER THE MORTGAGE TOGETHER WITH INTEREST, COSTS AND FEES. THIS WARRANT OF ATTORNEY SHALL BE EFFECTIVE ONLY AFTER THE OCCURRENCE OF AN EVENT OF DEFAULT.**

**BORROWER ACKNOWLEDGES AND AGREES THAT (A) THE FOREGOING WARRANT OF ATTORNEY TO CONFESS JUDGMENT IS BEING EXECUTED IN CONNECTION WITH A COMMERCIAL TRANSACTION, (B) PAYEE'S CONFESSION OF JUDGMENT FOLLOWING AN EVENT OF DEFAULT AND IN ACCORDANCE WITH THE FOREGOING WARRANT OF ATTORNEY WOULD BE IN ACCORDANCE WITH BORROWER'S REASONABLE EXPECTATIONS, (C) IN VIEW OF THE COMMERCIAL NATURE OF THE RELATIONSHIP BETWEEN THE PARTIES HERETO THERE IS NO EXPECTATION THAT PAYEE SHALL HAVE ANY DUTY UNDER ANY PROVISION OF § 5601.3 OF CHAPTER 56 OF THE PENNSYLVANIA PROBATE, ESTATES AND FIDUCIARIES CODE (20 PA.C.S.A. § 5601.3) TO ACT IN THE BEST INTEREST OF ANY PRINCIPAL THEREUNDER AND IT IS AGREED THAT PAYEE SHALL HAVE NO SUCH DUTY, AND (D) PAYEE DOES NOT AND, IN REGARD TO THE LOAN OR THE LOAN DOCUMENTS, SHALL NOT HAVE ANY OF THE DUTIES TO BORROWER SET FORTH IN 20 PA.C.S.A. § 5601.3(B), AND THE SAME ARE HEREBY IRREVOCABLY WAIVED BY BORROWER.**

20. Rights Cumulative. No right or remedy conferred upon or reserved to the Lender under this Note or any of the Loan Documents, or with respect to any guaranty of payment of the Loan or performance of any of the Borrower's obligations under any of the Loan Documents or any collateral securing the payment of the Loan under any of the Loan Documents, now or hereafter existing at law or in equity or by statute or other legislative enactment, is intended to be or shall be deemed exclusive of any other such right or remedy, and each and every such right or remedy shall be cumulative and concurrent, and shall be in addition to every other such right or remedy, and may be pursed singly, concurrently, successively or otherwise, at the sole discretion of the Lender, and shall not be exhausted by any one

exercise thereof but may be exercised as often as occasion therefore shall occur. No act of the Lender shall be deemed or construed as an election to proceed under any one such right or remedy to the exclusion of any other such right or remedy; furthermore, each such right or remedy of the Lender shall be separate distinct and cumulative any none shall be given effect to the exclusion of any other. The failure to exercise or delay in exercising any such right or remedy, or the failure to insist upon strict performance of any term of any of the Loan Documents, shall not be construed as a waiver or release of the same, or of any Event of Default thereunder, or of any obligation or liability of the Borrower thereunder. Nothing herein, however, shall be construed to prevent the Lender form waiving any condition, obligation or default it should so elect. In the event of such election by the Lender, any waiver, in order to be effective, must be in writing and signed by the Lender, and any such waiver shall be strictly limited in its effect to the condition, obligation or default specified therein and shall not extend to any subsequent condition, obligation or default or impair any right of the Lender with respect thereto.

21. Judgment/Non-Merger. The recovery of any judgment by the Lender and/or the levy of execution under any judgment shall not affect in any manner or to any extent, liens or other security interests in any Collateral, or any rights, remedies, or powers of the Lender under any of the Loan Documents or with respect to any Collateral, but such liens and security interests, and such rights, remedies and powers of the Lender shall continue unimpaired as before. Further, the entry of any judgment by the Lender shall not affect in any way the interest rate payable under any of the Loan Documents on any amounts due to the Lender, but interest shall continue to accrue on such amounts at the Default Rate (as defined above).

22. Notices. All notices given hereunder shall be in writing and delivered by personal hand delivery or mailed by certified mail, return receipt requested, or by recognized overnight commercial carrier, addressed to the Mortgagor and Lender per page one of this Note and deemed to be delivered on the day of hand delivery or on the first business day following the date of deposit in the mail.

23. Partial Invalidity. If any term or provision of this Note or the application thereof to any person or circumstance shall, to any extent, be invalid or unenforceable, the remainder of this Note or the application of such term or provision to persons or circumstances other than those as to which is held invalid or unenforceable shall not be affected there by and each term and provision of this Note shall be valid and be enforced to the fullest extent permitted by law.

SIGNATURES ON FOLLOWING PAGE

**IN WITNESS WHEREOF,** the Borrower has executed this Promissory Note on the date first above set forth.

Joseph L. Fox

Christina O. Fox